Guglielmo **MONTE**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

No. 14927.

United States Court of Appeals Seventh Circuit.

Oct. 25, 1965.

William Greenhouse, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Arthur D. Rissman, Asst. U. S. Atty., Chicago, Ill., of counsel, for respondent.

Before SCHNACKENBERG, SWYGERT and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This matter is before the court on petition for review of an order entered by the Immigration and Naturalization Service directing that petitioner, an alien, be deported to Italy.

Petitioner was born November 23, 1910, in a geographical area listed as Cepich, Pola, which at that time was a part of Austria. Between 1918 and 1943,

it was under the jurisdiction of Italy but since the latter date it has been within the territorial limits of Yugoslavia. During the proceedings petitioner expressed the belief that he was a citizen of Yugoslavia.

Petitioner last entered the United States on June 26, 1949, as a crewman. He deserted his ship with the intention of remaining in the United States permanently, despite the fact that he was not in possession of and never acquired a valid immigration visa. No question is raised but that he was and is an alien subject to deportation.

Proceedings under the Act of May 26, 1924 were commenced July 23, 1951, resulting in an order of deportation designating Yugoslavia as the country to which he should be deported. In March 1960, the Attorney General was informed by the government of Yugoslavia that it did not consider petitioner to be a national of that country as he had "opted for Italian citizenship in Genoa on 14 July 1948," and that Yugoslavia would not accept him. In July 1962, the Italian Ministry of Foreign Affairs advised the Attorney General, "Mr. Monte may be considered an Italian citizen." Thereafter, the case was reopened so that the hearing officer might consider amending his order by designating Italy as the country of petitioner's deportation. Pursuant thereto, the order now under review was entered.

■ The principal contention urged here is that petitioner was not given an opportunity to designate the country to which deportation should be directed. There is no doubt but that an alien must be given such opportunity as a prerequisite to the exercise of the authority to order deportation. Sec. 243(a) of the Immigration and Nationality Act (Title 8 U.S.C.A. Sec. 1253(a)) provides:

"The deportation of an alien of the United States provided for in this chapter, or any other Act or treaty, shall be directed by the Attorney General to a country promptly designated by the alien if that country is willing to accept him into its territory * * *. No alien shall be permitted to make more than one such designation * * *."

See Hom Sin v. Esperdy, D.C., 209 F. Supp. 3, and Ying v. Kennedy, 110 U.S. App.D.C. 247, 292 F.2d 740, 741.

Petitioner's contention that he was not given an opportunity to designate a country to which he was willing or desired to be deported is plainly refuted by the record. During the initial hearing he was asked if he wished to be considered for voluntary departure, and he answered, "No." After explaining to petitioner that in making application for voluntary departure it was not necessary that he select his native country, the following question was asked, "If you are ordered deported, do you want to specify any country to which to be deported?" Petitioner responded, "You tell me where I can go. I can't go any place. What country can I go to?"

■■ This procedure complied with the statute which required that petitioner be given an opportunity to designate the country to which he desired to be deported. Thereupon, he was ordered deported to Yugoslavia, the country of which petitioner believed himself to be a citizen. On refusal of that country to accept him, he was ordered deported to Italy, which recognized him as a citizen and expressed a willingness to accept him. Whether he was a citizen of Italy or not, he was under its jurisdiction from 1918 to 1943, and the Attorney General was authorized under Sec. 243(a) to order him deported to that country because he had resided there "prior to entering the country from which he entered the United States."

■ The argument that improper evidence was considered is based upon the admissibility of certain documents identified as part of the records of the Immigration Service received in the due course of business. We think there was no error in their admission.

The order of deportation is
Affirmed.