**SHYU JENG SHYONG, A 18 073 790,**
**Plaintiff,**

v.

**P. A. ESPERDY, as District Director for the New York District, I & N Service, Defendant.**

**No. 68 Civ. 4066.**

United States District Court
S. D. New York.

Jan. 3, 1969.

Thomas Sung, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Daniel Riesel, Special Asst. U. S. Atty., for defendant.

## ENDORSEMENT

RYAN, District Judge.

It is undisputed that plaintiff, an alien seaman and a native citizen of the Republic of China on Taiwan, entered the United States as a seaman on June 18, 1968 and deserted his ship, the SS HELENA, at Jersey City, New Jersey, on July 17, 1968. He was later taken into custody; deportation proceedings were filed on August 27, 1968 and he was found deportable.

Pursuant to Section 243(a) of the Immigration and Nationality Act (8 U.S.C. Section 1253(a), he was given an opportunity to designate a country of his choice for deportation. Rhodesia was designated by him and was accepted by the presiding Special Inquiry Officer

The order provided that in the event of deportation, the plaintiff shall first be deported to Rhodesia and, if Rhodesia advises the Attorney General that it is unwilling to accept the plaintiff into its territory or fails to advise the Attorney General within three months following original inquiry whether it will or will not accept the plaintiff into its territory, the plaintiff shall be deported to the Republic of China or Formosa.

The record shows further that inquiry was made on August 30, 1968 with the British Visa Office in New York City whether it would not issue a visa to the plaintiff to enter Rhodesia. That office advised the Director that this alien would not be permitted to enter Rhodesia as a deportee from this country. The Director notified the alien on October 3, 1968 to surrender for deportation to Taiwan on October 16, 1968.

The alien on that day filed this action and moved this Court for a stay from enforcing this order of deportation; a temporary stay was granted until determination of this motion.

■ The sole issue raised by the alien is that inquiry as to the alien's admissibility to Rhodesia should have been made not to the Government of the United Kingdom but to the "Smith" Government of Rhodesia, and that failure to do so deprived the alien of his rights under Section 243(a) of the Act. The short answer is found in the fact that the United States recognizes the United Kingdom as the legitimate government for Rhodesia; that the United States Consular Office in Rhodesia is accredited to the United Kingdom; and that the United States recognizes only United Kingdom passports and visas for travel to Rhodesia (See exhibits submitted on this motion).

■ Which government has sovereignty over Rhodesia is a political question not within the competency of this Court to decide; this is left to the President and the Secretary of State (See Ng Kam Fook v. Esperdy, 320 F.2d 86 (2nd Cir., 1963); Lee Wei Fang v.

Kennedy, 115 U.S.App.D.C. 117, 317 F.2d 180 (1963), cert. denied 375 U.S. 833, 84 S.Ct. 62, 11 L.Ed.2d 64).

Motion denied; complaint dismissed; settle order on 5 days' notice.