**WONG KAM CHEUNG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 491, Docket 32346.**

United States Court of Appeals
Second Circuit.

Argued March 4, 1969.

Decided March 7, 1969.

**36**

Jules E. Coven, New York City (Lebenkoff & Coven, New York City, on the brief), for petitioner.

Daniel Riesel, Sp. Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, on the brief), for respondent.

Before LUMBARD Chief Judge, SMITH, Circuit Judge and McLEAN, District Judge.*

LUMBARD, Chief Judge:

Petitioner seeks review of a decision by the Board of Immigration Appeals on April 26, 1968 denying his motion to reopen deportation proceedings for the purpose of permitting him to withdraw his designation of Hong Kong as the country to which he was to be deported under § 243(a) of the Immigration and Nationality Act, 8 U.S.C. § 1253(a).[1]

---

* Sitting by designation.

1. (a) The deportation of an alien in the United States provided for in this chapter, or any other Act or treaty, shall be directed by the Attorney General to a country promptly designated by the alien if that country is willing to accept him into its territory, unless the Attorney General, in his discretion, concludes that deportation to such country would be prejudicial to the interests of the United States. No alien shall be permitted to make more than one such designation, nor shall any alien designate, as the place to which he wishes to be deported, any foreign territory contiguous to the United States or any island adjacent thereto or adjacent to the United States unless such alien is a native, citizen, subject, or national of, or had a residence in such designated foreign contiguous territory or adjacent island. If the government of the country designated by the alien fails finally to advise the Attorney General within three months following original inquiry whether that government will or will not accept such alien into its territory, such designation may thereafter be disregarded. Thereupon deportation of such alien shall be directed to any country of which such alien is a subject national or citizen if such country is willing to ac-

Deportation has been stayed since May 13, 1968 by reason of the filing and service of this petition. 8 U.S.C. § 1105a(a)(3).

There has been no dispute as to the deportability of petitioner, which he conceded in 1965. The last three years have been occupied by motions and litigations concerning the place to which the alien should be deported. The most recent six month delay has been occasioned by the failure of defendant's counsel to prosecute this petition for review. We pass upon the matter now only because the government, at long last, moved to dismiss for failure to prosecute on March 3, 1969. We directed that the petition be argued the next day, on March 4, 1969. Having heard argument, we dismiss the petition and direct the mandate to issue forthwith.

The alien entered this country as a seaman on May 5, 1965. He is a native and citizen of the Republic of China (Taiwan). At a hearing held pursuant to 8 U.S.C. § 1252(b) before Special Inquiry Officer on October 5, 1965 the alien, represented by counsel, conceded his deportability and designated Hong Kong as the country of deportability, pursuant to § 243(a) of the Act, 8 U.S.C. § 1253(a). The officer on the same day entered an order which granted the privilege of voluntary departure for which the alien had applied, and provided that deportation to Hong Kong would be ordered if the alien failed to depart within the prescribed time. No appeal was taken from this order. The alien failed to leave voluntarily within the time set, and thus the order of deportation to Hong Kong became effective. Hong Kong agreed to accept the alien and he was ordered to surrender for deportation on November 23, 1965.

An application for stay of deportation having been denied, the alien then brought a declaratory judgment action in the Southern District. After this action was terminated in the government's favor in 1967 the alien was again notified to surrender on July 24, 1967. He promptly countered with a second declaratory judgment action commenced on July 21, 1967, which purported to challenge the District Director's denial of a stay to permit the reopening of the proceedings so that the alien could withdraw his designation of Hong Kong. Judge Mansfield denied a motion for a preliminary injunction staying deportation pending the determination of the declaratory action, characterizing the action as a "patently frivolous last-minute effort to avoid" deportation. Wong Kam Cheung v. Esperdy, 274 F. Supp. 485 (S.D.N.Y.1967). No appeal was taken from this order, and the alien dismissed his action.

In August, 1967 a Special Inquiry Officer denied the motion to reopen, but by appealing to the Board of Immigra-

---

cept him into its territory. If the government of such country fails finally to advise the Attorney General or the alien within three months following the date of original inquiry, or within such other period as the Attorney General shall deem reasonable under the circumstances in a particular case, whether that government will or will not accept such alien into its territory, then such deportation shall be directed by the Attorney General within his discretion and without necessarily giving any priority or preference because of their order as herein set forth either—

(1) to the country from which such alien last entered the United States;

(2) to the country in which is located the foreign port at which such alien embarked for the United States or for foreign contiguous territory;

(3) to the country in which he was born;

(4) to the country in which the place of his birth is situated at the time he is ordered deported;

(5) to any country in which he resided prior to entering the country from which he entered the United States;

(6) to the country which had sovereignty over the birthplace of the alien at the time of his birth; or

(7) if deportation to any of the foregoing places or countries in impracticable, inadvisable, or impossible, then to any country which is willing to accept such alien into its territory.

tion Appeals the alien obtained an administrative stay. 8 C.F.R. § 3.6. The Officer held that the alien did not have a right to withdraw a designation of the place of deportation, and that the government had not conceded this right by its cross-motion to resettle the deportation order to show a designation of Hong Kong by the government. Six months later the Board of Appeals muddied the waters by reversing the Officer's decision on February 9, 1968, holding that it saw no reason "why an alien should not be permitted to withdraw a designation." But it withdrew this decision two weeks later, and finally, on April 26, 1968, reversed itself and denied the alien's appeal. The Board stated that it had withdrawn its previous order because of the failure of alien's counsel "to advise the Board that the respondent [alien] had been in court in this case." Reaching the merits the Board stated:

> "At no time did the respondent show that deportation to Hong Kong would result in persecution or was improper. His motion appears purely a dilatory tactic. The result of the special inquiry officer's action left the Service free to proceed with respondent's deportation to Hong Kong. We think no change in his order is required. The order of deportation to Hong Kong was entered in conformity with the regular procedure of the Service. We believe it is proper to proceed with the deportation." [citation omitted]

■■■ We agree with the government that an alien is entitled to make only one designation of a country of deportation, Section 243(a) of the Act, 8 U.S.C. § 1253(a). While the Service may permit withdrawal of such designation in cases of hardship or possible persecution, cf. 8 U.S.C.A. § 1253(h) (Supp.1969), as it did in the case of Chao Chin Chen v. Murff, 168 F.Supp. 349 (S.D.N.Y.

1958), and the courts will review its refusal to do so for abuse of discretion, see Cheng Kai Fu v. Immigration and Naturalization Service, 386 F.2d 750 (2d Cir. 1967), cert. denied 390 U.S. 1033, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968), we see no reason to read into the Act any absolute right to withdraw a designation when the Service opposes the withdrawal. On the contrary, there is every reason to suppose that the Congress never intended to recognize such right since it could readily be used as a vehicle for launching administrative appeals and further litigation, all for the purpose of delaying deportation. It is clear that the Board was correct in identifying such a dilatory purpose on the part of this petitioner in view of the many previous attempts at delay and the frivolous reasons advanced for the belated motion to withdraw.

■■■ The purpose of § 243(a) is to provide an expeditious procedure for the deportation of aliens expelled from the country. An alien is allowed to designate a country of deportation, but only if he does so "promptly." It would defeat the purpose of the Act if we held that an alien may withdraw a designation after he has managed to delay his deportation for over three years through litigation.

As it is clear that this alien has no right to withdraw the designation of the country of deportation, we need not pass upon the government's contention that even if the withdrawal were effective the result would be the same since the government could designate Hong Kong under provisions of the statute which would then become operative.

We dismiss the petition to review, and direct that our mandate issue forthwith so that the petitioner may be deported to Hong Kong without further delay.