Enrique
**RODRIGUEZ–AGUSTIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–7919.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 7, 1984 *.

Decided July 8, 1985.

---

* After this case was argued, Judge Walter Ely died on October 9, 1985. Subsequently Judge

Tang was selected to replace Judge Ely on the panel. Judge Tang listened to the tapes of the

Paula D. Pearlman, Imperial Valley Immigration Project, El Centro, Cal., for petitioner.

Joseph F. Ciolino, Office of Immigration & Litigation, Dept. of Justice, Washington, D.C., for respondent.

Before GOODWIN and TANG, Circuit Judges, and RYMER **, District Judge.

PER CURIAM.

Enrique Rodriguez-Agustin, a native of El Salvador, entered the United States without inspection in 1981. At his deportation hearing he requested asylum or withholding of deportation under 8 U.S.C. § 1253(h). He appeals the denial of his request as well as the refusal of the Immigration and Naturalization Service to deport him to Mexico.

■ While the petitioner raises a number of issues, only two merit discussion. First, he challenges the denial of relief under § 1253(h). His generalized contention that because he is without documents he is a displaced person does not establish his right to asylum. He presented no evidence that El Salvador persecutes persons without documents, and none that he had ever been persecuted. We find no basis in the record for reversal of the Board of Immigration Appeal's decision denying relief.

oral argument of August 7, 1984, and fully participated in this decision.

** The Honorable Pamela A. Rymer, United States District Judge for the Central District of California, sitting by designation.

784

*Shoaee v. INS*, 704 F.2d 1079, 1084 (9th Cir.1983).

The petitioner's second claim is based upon the refusal of the Immigration and Naturalization Service to deport him to Mexico instead of to El Salvador. He contends that his deceased father was a citizen of Mexico, that since the age of nine he lived in Mexico with relatives, and that his family ties are all in Mexico rather than in El Salvador where he is a stranger.

His request for designation of Mexico pursuant to 8 U.S.C. § 1253(a) apparently was routinely transmitted to the Mexican Consul and routinely denied without knowledge of the explanatory facts Rodriquez-Agustin asserts in support of his designation. He requests that his designation of Mexico be resubmitted with his statement of family ties to Mexico.

■ This court can order the Immigration and Naturalization Service to resubmit Rodriquez-Agustin's application for country of deportation to the Mexican Consul and stay the mandate of deportation until the application has been reconsidered. The alien's right to designate a country of deportation is a substantive right. *See Maldonado-Sandoval v. INS*, 518 F.2d 278, 280 n. 3 (9th Cir.1975). Apparently, the Immigration and Naturalization Service (as the Attorney General designate) submits applications to the consulate of the country designated on behalf of the alien.

The statute, 8 U.S.C. § 1253(a), states: "If the government of the country designated by the alien fails finally to advise the Attorney General ... whether that government will or will not accept such alien ... such designation may thereafter be disregarded." *See also* C. Gordon & H.N. Rosenfeld, *Immigration Law and Procedure*, § 5.17b (1985) ("[T]he Attorney General must inquire whether the country designated will receive the deportee ...").

■ Because a substantive right is involved, we order the Immigration and Naturalization Service to resubmit the application with the petitioner's statement as part of the vindication of the right. Rodriquez-

Agustin had no counsel when he designated Mexico as his § 1253(a) destination, and the Immigration and Naturalization Service failed to communicate relevant facts to the Mexican Consul. Deportation is stayed until such time as the Immigration and Naturalization Service resubmits the application under § 1253(a) and receives a response from the Mexican Consul.

The decision of the Board of Immigration Appeals is affirmed but deportation is temporarily stayed.