**Andres DESTING–ESTIME, Marissia Constant-Constant, Daniel Auguste-Augustin, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 79–7353.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 1986.*

Decided Nov. 25, 1986.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Timothy S. Barker, Los Angeles, Cal., for petitioners.

Joseph Ciolino, General Litigation & Legal Advice Criminal Div., Washington, D.C., for respondent.

Before BROWNING, Chief Judge, and GOODWIN and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Petitioners, Andres Desting-Estime, Marissia Constant-Constant and Daniel Auguste-Augustin, appeal the Board of Immigration Appeals' denial of their motion to reopen deportation proceedings to redesignate the country of deportation. We affirm.

## I. BACKGROUND

Petitioners are natives and citizens of Haiti. They fled Haiti in 1976 and went to Mexico, where they were granted asylum. The three illegally entered the United States in April, 1978.

On April 17, 1978, the Immigration and Naturalization Service commenced deportation proceedings. All three applied for asylum alleging a likelihood of political persecution on account of their relationship to former high-ranking government officials in Haiti. On January 18, 1979, an Immigration Judge denied the application, but granted petitioners thirty days to depart voluntarily. The three designated France as the country of deportation in the event of their failure to depart voluntarily. The IJ designated Haiti as the first alternative country of deportation and Mexico as the second alternative. An appeal to the BIA was denied.

Petitioners failed to depart voluntarily. France refused to accept them. They then moved to reopen the deportation proceedings to redesignate Mexico as the country of deportation on the ground that they feared persecution if returned to Haiti. Petitioners appeal the BIA's denial of their motion on July 24, 1979, although the BIA granted thirty days for voluntary departure. On July 2, 1980, we ordered the case removed from the calendar in light of a Presidential Policy Directive granting renewed parole status to Cuban and Haitian refugees. Further proceedings were stayed on several occasions thereafter.

## II. DISCUSSION

■ We review BIA denials of motions to reopen for abuse of discretion. We will not disturb the BIA's ruling unless it acted arbitrarily, irrationally, or contrary to law. *Israel v. INS*, 785 F.2d 738, 740 (9th Cir. 1986). The refusal to allow the petitioners to redesignate the country of deportation was not an abuse of discretion. *See* section 243(a) of the Immigration and Nationality Act, 8 U.S.C. § 1253(a) (1982) ("No alien

shall be permitted to make more than one such designation....").

We join the Second and Tenth Circuits in holding that aliens do not have an absolute right to withdraw a designation. The INS has discretion, but is not required, to permit an alien to withdraw and redesignate a country of deportation in cases of hardship or possible persecution. *See Wong Kam Cheung v. INS*, 408 F.2d 35, 38 (2d Cir.1969); *Riasati v. INS*, 738 F.2d 1115, 1120 (10th Cir.1984). The Second Circuit reasoned that Congress never intended to recognize a right to withdraw since it could be used as a vehicle for launching administrative appeals and further litigation, all for the purpose of delaying deportation. *Wong*, 408 F.2d at 38.

The issue of persecution was previously considered and rejected by both an Immigration Judge and the BIA when petitioners applied for asylum. There was no further appeal.

We recognize that the petitioners' situation and the situation in Haiti may have changed since the BIA's last review in 1979. Petitioners may now therefore qualify for other relief. That question is not before us, since we cannot consider intervening circumstances by applying what would approximate *de novo* appellate review. *See generally INS v. Rios-Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985); *Alvarez-Ruiz v. INS*, 749 F.2d 1314 (9th Cir.1984) (per curiam).

We note, however, that nothing in this decision precludes petitioners from instituting new proceedings with the INS for the consideration of new evidence, if any.

Petition for review is DENIED.