19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fredy CONGOTE-ARRIAGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70517.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fredy Congote-Arriaga, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeal's ("BIA") dismissal of his appeal of the immigration judge's (IJ) order finding him deportable as an alien convicted of an aggravated felony and of a controlled substance violation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny in part and grant in part the petition for review.
 
 
 3
 * Denial of Continuance
 
 
 4
 Congote-Arriaga contends that the BIA erred by affirming the IJ's denial of Congote-Arriaga's request for a continuance of his deportation proceeding to seek a writ of error coram nobis. This contention lacks merit.
 
 
 5
 This court reviews for abuse of discretion an IJ's decision to grant or deny a continuance. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). An IJ may grant an alien's request for a reasonable continuance "for good cause shown." 8 C.F.R. Sec. 242.13. Among the factors an IJ should consider in deciding whether to grant a continuance are (1) the immigration court's convenience, (2) whether the need for a continuance is due to the alien's unreasonable conduct, and (3) the number and duration of continuances previously granted the alien. Baires, 856 F.2d at 92-93.
 
 
 6
 Here, before the IJ's denial of Congote-Arriaga's request for a continuance to seek a writ of error coram nobis, Congote-Arriaga already had requested and been granted four continuances.[1] These continuances postponed Congote-Arriaga's deportation proceeding for over five months. The last of these continuances explicitly was given to Congote-Arriaga to seek a writ of error coram nobis challenging his state-court conviction.[2] Congote-Arriaga failed either to pursue a writ of error coram nobis after the IJ explicitly granted a fourth continuance for that purpose or to explain the result of the writ to the IJ when seeking a fifth continuance. Thus, in light of Congote-Arriaga's four earlier continuances, Congote-Arriaga's conduct with respect to the fourth continuance, and the inconvenience to the court in delaying a proceeding already postponed for five months, the IJ did not abuse his discretion by denying Congote-Arriaga's fifth request for a continuance.[3] See Baires, 856 F.2d at 91.
 
 II
 Designation of Country of Deportability
 
 7
 Congote-Arriaga contends that the BIA erred by not finding error when the IJ allegedly failed to allow Congote-Arriaga to designate Mexico as his country of deportability. We review for abuse of discretion the BIA's decision. See Desting-Estime v. INS, 804 F.2d 1439, 1440 (9th Cir.1986).
 
 
 8
 Under 8 U.S.C. Sec. 1253(a), an alien has a right to designate a country of deportability. This court has held that the right to designate a country of deportability is a substantive right. Rodriguez-Agustin v. INS, 765 F.2d 782, 784 (9th Cir.1985) (per curiam). The failure to afford an alien his substantive right to designate a country of deportation constitutes reversible error. See Ramirez-Durazo v. INS, 794 F.2d 491, 496-97 & n. 2 (9th Cir.1986); 3 Charles Gordon & Stanley Mailman, Immigration Law and Procedure Sec. 72.08[a] (1992) (failure to provide alien with opportunity to designate country of deportability invalidates proceedings); see also Rodriguez-Agustin, 765 F.2d at 784 (because substantive right involved, this court ordered INS to resubmit alien's application to country of deportation with explanatory facts); cf. Monte v. INS, 353 F.2d 7, 8 (7th Cir.1965) (no error found because alien asked to specify country in case he was deported but declined to do so).
 
 
 9
 As part of the deportation proceeding, the IJ must notify the alien that if he is finally ordered deported, his deportation will in the first instance be to the country designated by the alien, and must afford the alien an opportunity to make such designation. 8 C.F.R. Sec. 242.17(c)(1); see generally Ramirez-Gonzales v. INS, 695 F.2d 1208, 1212 (9th Cir.1983). An alien who designates a foreign territory contiguous to the United States, however, must be "a native, citizen, subject, or national of, or had a residence in" such territory. 8 U.S.C. Sec. 1253(a); see Matter of A-- A--, Int.Dec. 3176 (BIA 1992).
 
 
 10
 Here, the IJ neither notified Congote-Arriaga of his right to designate the country of deportability nor explicitly gave him the opportunity to make a designation. See 8 C.F.R. Sec. 242.17(c)(1). Moreover, when Congote-Arriaga attempted to assert his right by designating Mexico as his country of deportation, the IJ improperly rejected the designation. Although the IJ asked if Congote-Arriaga was a citizen of Mexico, he never inquired whether Congote-Arriaga was "a native, subject, or national of, or had a residence in" Mexico. See 8 U.S.C. Sec. 1253(a). Therefore, the IJ had no basis to reject Congote-Arriaga's attempted designation. See id. Furthermore, the record contains documents submitted by the INS which support Congote-Arriaga's contention that although he was a citizen of Colombia, his last country of residence before entering the United States was Mexico.[4] See id.
 
 
 11
 Because the IJ failed to afford Congote-Arriaga an adequate opportunity to designate a country of deportability, we conclude that Congote-Arriaga was denied his substantive right. See Rodriguez-Agustin, 765 F.2d at 784. Thus, the BIA abused its discretion by refusing to remand Congote-Arriaga's case to permit him to designate a country of deportability. See Desting-Estime, 804 F.2d at 1440.
 
 
 12
 In conclusion, we deny Congote-Arriaga's petition for review with respect to his contention that the BIA erred by affirming the IJ's denial of his request for a continuance. We grant Congote-Arriaga's petition for review as to the BIA's refusal to find error where the IJ did not provide Congote-Arriaga an adequate opportunity to designate a country of deportability, and remand the case for further proceedings to allow Congote-Arriaga to designate a country of deportability.
 
 
 13
 PETITION FOR REVIEW DENIED IN PART AND GRANTED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IJ stated that there were a total of six adjournments in Congote-Arriaga's deportation proceeding. Our review of the record indicates that at least four of these adjournments were at Congote-Arriaga's request
 
 
 [2]
 Congote-Arriaga was convicted of the sale or transportation of a controlled substance in violation of Cal. Health & Safety Code Sec. 11352(a). The IJ found Congote-Arriaga deportable as an alien convicted of an aggravated felony under 8 U.S.C. Sec. 1251(a)(2)(A)(iii) and of a controlled substance violation under 8 U.S.C. Sec. 1251(a)(2)(B)(i)
 
 
 [3]
 Congote-Arriaga contends that the IJ's denial of his request for a continuance violated his due process rights. Because Congote-Arriaga's state-court conviction was final for immigration purposes, the IJ properly considered it in his deportation proceeding, regardless of whether a coram nobis petition was filed. See Grageda v. INS, 12 F.3d 919, 921 (9th Cir.1993) (conviction final when alien has no more direct appeal rights; a coram nobis petition is a collateral attack which does not effect the finality of the conviction). Thus, even if Congote-Arriaga should have been granted a continuance, the error would not have been prejudicial. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990) (to establish due process violation, alien must show prejudice)
 
 
 [4]
 In its brief, the INS focuses on the fact that, at the deportation proceeding, Congote-Arriaga was represented by an attorney who neither objected nor made an offer of proof concerning Congote-Arriaga's designation of a country of deportability. It is true that had Congote-Arriaga's attorney raised an objection, the IJ's attention would have been drawn to Congote-Arriaga's right to designate a country of deportability. Nonetheless, in situations where an INS regulation requires an IJ to advise an alien of a right that is substantive in nature and he fails to do so, we have found reversible error even where the alien is represented by an attorney who might have been able to bring the matter to the IJ's attention. See Moran-Enriquez v. INS, 884 F.2d 420, 423 (9th Cir.1989); Duran v. INS, 756 F.2d 1338, 1341 (9th Cir.1985)