**Joseph LA COSA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 72 Cr. 810.**

United States District Court, S. D. New York.

Nov. 24, 1978.

James M. La Rossa, New York City, for Petitioner.

Robert B. Fiske, Jr., U. S. Atty. for the Southern Dist. of New York, New York City, for Respondent; Robert N. Shwartz, Asst. U. S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is a motion by petitioner to reargue the denial of a motion for reduction of sentence and for an order reducing his sentence. The petitioner, Joseph La Cosa, was convicted together with others upon a jury verdict, after a one-month trial presided over by former District Judge Harold Tyler, Jr., of distribution of heroin, conspiracy to

---

do so and a continuing criminal enterprise in violation, respectively, of 21 U.S.C., sections 841, 846 and 848. On November 3, 1972, Judge Tyler sentenced petitioner to fifteen years on counts 1 and 3 and thirty years and a $100,000 fine on count 2—the continuing criminal enterprise conviction— the sentences to run concurrently. Upon appeal, petitioner's conviction was affirmed, *United States v. Manfredi*, 488 F.2d 588 (2d Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974). In its affirmance the Court of Appeals observed as to petitioner that he "was the most visible member of a family narcotics business involved in distributing millions of dollars' worth of heroin and cocaine in the period between April 1970, and April, 1972." *Id.* at 590. "Joseph La Cosa was selling heroin and cocaine in a continuing series of weekly transactions with several distributors, the primary product pushed being heroin. To Horace Marble alone he sold an estimated one million dollars' worth in 17 months." *Id.* at 596.

On August 12, 1974, following the affirmance of his conviction, the petitioner made a timely motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, which Judge Tyler denied on September 4, 1974. No motion for reargument was made until the current motion was filed on October 31, 1978, more than four years after the denial by Judge Tyler. The matter has been assigned to this Court in view of Judge Tyler's resignation.

The motion is denied:

(1) for failure to comply with Rule 9(m) of the General Rules of this district; and

(2) for lack of jurisdiction to grant relief under Rule 35. *United States v. Kahane*, 527 F.2d 491 (2d Cir. 1975); *United States v. Ellenbogen*, 390 F.2d 537, 541 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968); *see United States v. Robinson*, 361 U.S. 220, 226, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

Finally, the claims of rehabilitation, education and ill health since petitioner's confinement upon which he bases his current motion must be directed to other authorities; obviously the alleged facts were not in existence when the motion for reduction was made before Judge Tyler in August 1974, and in no event can they serve as a predicate for reargument of that motion.