UNITED STATES of America,
Appellee,

v.

Meir KAHANE, Appellant.

No. 292, Docket 75–1275.

United States Court of Appeals,
Second Circuit.

Argued Oct. 9, 1975.

Decided Nov. 26, 1975.

Barry Ivan Slotnick, New York City, for appellant.

Edward S. Rudofsky, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. N. Y., Paul B. Bergman, Asst. U. S. Atty., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Appellant Kahane was sentenced in 1971 by the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge,* to fine and imprisonment for five years after pleading guilty to charges of conspiring to violate the federal Firearms Act. 18 U.S.C. § 371. However, execution of the sentence imposed was immediately suspended by the court and Kahane was placed on five years probation.

In 1975, Kahane admitted to violating the terms of his probation. The court accordingly revoked Kahane's probation and reinstated the term of imprisonment. However, the sentence of imprisonment was reduced to one year.

Kahane subsequently moved for further reduction of the one-year prison term. This motion was denied by the district court on two grounds: (1) that the district court lacked power to act because of the pendency of an appeal to this court in a related civil action under 28 U.S.C. § 2255, and (2) that, more than 120 days having elapsed since the original, *i. e.,* 1971, sentence, the court had lost the power to reduce sentence under Rule 35 Fed.R.Crim.P.[1] We affirm the ruling on the second ground.[2]

1. Rule 35, Fed.R.Crim.P. provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court de-

nying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

2. Since we hold that the district court lacked the power to reduce Kahane's sentence under Rule 35, we need not decide the question whether a court with Rule 35 reduction power would be precluded from exercising that power by the pendency of an appeal from a ruling in a related § 2255 suit.

Rule 35 was enacted to make uniform the time for termination of the district court's power to reduce sentences. *See United States v. Ellenbogen,* 390 F.2d 537 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). Since sentence was actually imposed in 1971, *see Roberts v. United States,* 320 U.S. 264, 268, 64 S.Ct. 113, 88 L.Ed. 41 (1943), the 120-day period permitted by the rule had long run before the 1975 revocation. The 120-day period following imposition of the sentence began in 1971, notwithstanding the suspension at the time of the imposed sentence.

Thus, the district court's power to reduce Kahane's prison term in 1975 was dependent solely on the last sentence of the rule. That power was exercised and exhausted when the court reduced the sentence from five years to one.

The order denying the motion for reduction of sentence is affirmed.