### UNITED STATES of America, Plaintiff-Appellee,

v.

### Sherman Lee RICE, Defendant-Appellant.

### No. 81–7250.

United States Court of Appeals, Eleventh Circuit.

March 26, 1982.

---

Corretti & Newsom, Samuel Maples (Court-appointed), Birmingham, Ala., for defendant-appellant.

G. Douglas Jones, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

Sherman Lee Rice appeals the revocation of his probation and the reinstatement of his original sentence of incarceration. We affirm the revocation of probation. Finding that the district court premised its reinstatement of sentence on a misapprehension of law, we remand for resentencing.

I.

On April 13, 1978, Sherman Lee Rice (appellant) pleaded guilty to unlawful possession of a United States Treasury check stolen from the mail in violation of 18 U.S.C. § 1708 (1976), and to forging the payee's indorsement in violation of 18 U.S.C. § 495 (1976). The district court imposed a three year sentence, suspended execution of the sentence, and placed Rice on probation for four years. One condition of Rice's probation was that he "refrain from violation of any law (federal, state, and local) and get in touch immediately with [his] probation officer if arrested or questioned by a law enforcement officer."

On February 4, 1981, Rice's probation officer filed a petition for revocation of probation (the petition), alleging eight violations of the stated condition during the preceding twenty-nine months.[1] On March 10, 1981, the district judge who had sentenced Rice conducted a revocation hearing. The court found that appellant had violated his probation as alleged and revoked probation for that reason.[2]

Turning to the matter of sentencing, the court commented that it had received a notation that Rice had been charged with rape in a warrant issued on December 11, 1980. The facts underlying the charge were not presented, and Rice made no statement for fear of self-incrimination. The court entertained argument in mitigation of sentence and then stated,

I have got no alternative but to reimpose the original three year custodial sentence that was imposed.

And I must say parenthetically that a large part of my imposing the three year custodial sentence has to do with the pending rape charges.

It is, therefore, I think appropriate for you, within a hundred and twenty days, to file a motion under Rule 35 to reduce the sentence. And if in that motion you can show that he has been acquitted of those charges, or if you can show that they have not been tried, I can then at least hold that motion in abeyance and see what happens in the state court with regard to those charges before I act on a motion to reduce the sentence.....

If he is acquitted of those charges, then I may very well reduce the three year custodial sentence that I originally imposed.

(Record, vol. II at 88–89).

II.

Appellant assigns four errors to the district court's revocation of probation, all of which we find without merit. First, Rice contends that the hearing violated his fifth amendment right to due process because

---

1. The alleged violations were: (1) issuance of a worthless check on or about August 31, 1978; (2) reckless driving and insulting a police officer on or about October 4, 1979; (3) an assault on or about February 14, 1980; (4) unlawful operation of a vehicle on a public street without a valid driver's license on or about August 19, 1980; (5) failure to notify the probation officer of the August 19, 1980, arrest or of the subsequent arrest for that charge when Rice failed to appear in court; (6) unlawful operation of a vehicle on a public road with a suspended driver's license on or about August 21, 1980; (7) unlawful operation of a vehicle in a reckless manner and without a valid driver's license on a public street on or about November 3, 1980; (8) failure to notify the probation

officer of the November 3, 1980, arrest. Rice pleaded guilty to each of the criminal charges.

2. Rice erroneously asserts that the court considered a pending rape charge against him in deciding to revoke probation. Before any mention was made of that charge, the court stated that it had no alternative but to revoke probation. (Record, vol. II at 77). The court then reviewed the violations, again with no mention of the rape charge, and concluded, "Well, the probation is revoked *for the reasons stated by the Court.* And I do have the matter of sentencing to take up." (Record, vol. II at 83) (emphasis added). The rape charge was considered only in the context of sentencing.

the court based its decision in part on the rape charge, a probation violation of which Rice had no notice because it was not listed in the petition. We need not address the constitutional question because the court did not consider the rape charge in revoking probation. See note 2, *supra*.

■ Second, Rice contends that the hearing was fundamentally unfair in violation of fifth amendment due process because the probation officer unreasonably delayed filing his petition, which listed violations dating back nearly two and a half years.[3] We reject the proposition that a probation revocation hearing is constitutionally defective when the petition alleges a series of violations committed during a period of several years. As the district court noted, this was a "building block case." (Record, vol. II at 80). It appears from the record that Rice's probation officer sought patiently and tolerantly to help rehabilitate him and succumbed only in the face of Rice's continuing inability to comply with the conditions of his probation. We decline to hold such treatment fundamentally unfair. Implicit in Rice's position is that a probation officer must petition for revocation upon the first violation of probation, a practice we are loath to encourage. While due process may in some circumstances limit the district court's discretion to revoke probation based on stale violations, *see, e.g., United States v. Tyler*, 605 F.2d 851 (5th Cir. 1979), we hold that a revocation of probation based on a series of violations punctuating the probationary period is, without more, constitutional.

Rice next contends that the district court erred by basing the revocation in part on misdemeanor convictions obtained when he was not represented by counsel. The record indicates that Rice may have been unrepresented when he pleaded guilty to the August 19, 1980, and the November 3, 1980, traffic offenses, and we so assume. However, Rice testified to the facts underlying

both convictions at the revocation hearing. He testified that on August 19, 1980, he ran a red light while driving without a valid license, and that on November 3, 1980, he was driving his aunt to the hospital, again without a valid license, and ran from the police when they stopped him for reckless driving.

■■ In a probation revocation proceeding, all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required. *United States v. Francischine*, 512 F.2d 827 (5th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975). We therefore need not decide whether *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (uncounselled misdemeanor conviction cannot be used to increase punishment for later offense under enhanced punishment statute), prohibits the use of an uncounselled misdemeanor conviction to establish a probation violation. Ample evidence apart from the convictions themselves was presented to establish the August 19, 1980, and November 3, 1980, probation violations. *Cf. United States v. Marron*, 564 F.2d 867, 871 (9th Cir. 1977).

■ Finally, Rice contends that the district court abused its discretion by revoking his probation. Among Rice's assertions in support of this contention are two that we have already rejected: that the district court considered uncounselled misdemeanor convictions and that the petition alleged stale violations. Rice further argues that most of his violations were minor traffic offenses, that mitigating circumstances attended some of the offenses, and that he is a suitable candidate for rehabilitation without incarceration. These considerations were before the district court, which found them unpersuasive. Probation revocation is entrusted to the sound discretion of the

---

3. The district court stated that its decision was not based on the August 31, 1978, worthless check conviction. (Record, vol. II at 80). The two and one half year delay of which appellant complains was therefore, so far as the actual decision to revoke was concerned, about seventeen months.

district court, and it is only upon a clear showing of abuse of that discretion that the court's decision will be disturbed. *United States v. Garza*, 484 F.2d 88 (5th Cir. 1973). The record intimates no such abuse. For this and the foregoing reasons, we affirm the revocation of Rice's probation.

### III.

The record shows that the district court premised its decision to reinstate the three year term of incarceration in significant part on its belief that it could entertain a subsequent motion to reduce sentence pursuant to Fed.R.Crim.P. 35(b).[4] The court announced that in reinstating the original sentence, it was relying in large part on the pending rape charge against Rice, invited the filing of a Rule 35(b) motion within 120 days, and indicated that depending upon the disposition of the rape charge, it would likely reduce the original sentence. We hold that the court lacked jurisdiction of a Rule 35(b) motion subsequent to the revocation, that its decision to reinstate the original custodial sentence was thus grounded in a misapprehension of law which operated to appellant's prejudice, and that we must therefore remand for further proceedings.

Fed.R.Crim.P. 35(b) provides:

The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

The statutory 120-day period within which a court may reduce sentence is jurisdictional, and a court is without power to reduce a valid sentence pursuant to the statute after that time. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979).[5] The district court's jurisdiction to entertain a Rule 35(b) motion subsequent to Rice's 1981 revocation hearing therefore turns on whether the court's action on that occasion constituted an imposition of sentence for purposes of Rule 35(b).[6]

When, as here, the district court imposes sentence at trial, suspends execution of the sentence and places the defendant on probation,[7] there are two plausible characterizations of what happens when probation is later revoked. One view is that since the revoking court has available a range of sentencing options [8] and evaluates the usual sentencing factors and exercises discretion in selecting an appropriate sentence, its action amounts to an imposition of sentence. *See United States v. Colvin*, 644 F.2d 703 (8th Cir. 1981). The second characterization is that sentence is *imposed* only attendant

---

**4.** Fed.R.Crim.P. 35(b) is set out at p. 459, *infra*.

**5.** However, if a motion to reduce sentence is properly filed within the 120 days required by Rule 35(b), the district court retains jurisdiction for a reasonable time after the expiration of 120 days in those rare circumstances in which it is unable to decide the motion within the 120 day period. *United States v. Mendoza*, 581 F.2d 88 (5th Cir. 1978) (en banc). This is not such a case.

**6.** Rice's revocation hearing followed the original imposition of sentence in 1978 by far more than 120 days. The scenario in which probation is revoked within 120 days of the original imposition of sentence is not before us.

**7.** When the court wishes to place an offender on probation, it may proceed in either of two ways. The court may suspend the imposition of sentence and place the defendant on probation, or it may impose a term of imprisonment, suspend its execution in whole or in part, and order probation. 18 U.S.C. § 3651 (1976). We assume that when the court suspends the imposition of sentence, a sentence is imposed for purposes of Rule 35(b) when the offender's probation is later revoked. However, such a case is not before us.

**8.** The court may require the offender to serve the original, suspended, sentence or any lesser sentence. 18 U.S.C. § 3653 (1976).

to trial, and that a court that revokes probation either reinstates or reduces, but does not impose, sentence. *See United States v. Kahane*, 527 F.2d 491 (2d Cir. 1975).

██ Three Courts of Appeals have decided whether a district court that revokes probation more than 120 days after the original imposition, and suspension, of sentence has jurisdiction of a subsequent Rule 35(b) motion. *Colvin, supra; United States v. Johnson*, 634 F.2d 94 (3d Cir. 1980); *Kahane, supra.* In *Kahane*, the Second Circuit held, with little elaboration, that it does not. In *Colvin* and *Johnson*, the Eighth and Third Circuits concluded that the language of the rule was susceptible of either of the stated characterizations, 644 F.2d at 707; 634 F.2d at 97, and held that policy considerations and the purposes of Rule 35(b) indicated the opposite result. We conclude that the language of the rule, as explained by the Advisory Committee on Rules, establishes that the district court at a revocation hearing like Rice's [9] does not impose sentence for purposes of Rule 35(b). Furthermore, we find that policy considerations and the purposes of the rule support this conclusion.

The language of the rule which we find conclusive is:

> The court may also reduce a sentence upon revocation of probation as provided by law.

Fed.R.Crim.P. 35(b). The Notes of the Advisory Committee on the 1966 Amendment, which added this sentence, state:

> The third sentence has been added to make it clear that the time limitation imposed by Rule 35 upon the reduction of a sentence does not apply to such reduction upon the revocation of probation as authorized by 18 U.S.C. § 3653.

The statute alluded to in the rule and identified in the Notes provides in relevant part:

> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

18 U.S.C. § 3653 (1976).

The language of Rule 35(b) unambiguously discloses that when a court revokes probation and requires the offender to serve a sentence less than that originally imposed, the court is not *imposing* sentence, but rather is *reducing* sentence. It follows that when the revoking court requires the offender to serve the original sentence, it is not imposing sentence, but rather is reinstating sentence. The rule and the Advisory Committee Notes similarly disclose that for purposes of the rule, 18 U.S.C. § 3653 is to be read to authorize not the imposition of a lesser sentence, but a reduction of sentence.

The quoted language of 18 U.S.C. § 3653 likewise reveals Congress' view that when execution of the original sentence is suspended, a subsequent probation revocation proceeding is not an occasion for imposition of sentence. The statute provides that when the imposition of sentence is originally suspended, the revoking court may *"impose* any sentence which might originally have been imposed." But in cases like the one before us, the court may *"require* [the probationer] to serve the sentence imposed, or any lesser sentence . . . ."  The choice of different verbs to characterize the two situations, a choice which we properly take as evidence of an intentional differentiation, *Lankford v. Law Enforcement Assistance Admin.*, 620 F.2d 35, 36 (4th Cir. 1980), manifests Congress' understanding that only in the former situation does the court impose sentence. Further, that the court may "require [the probationer] to serve the sentence imposed," suggests that sentence is imposed but once. We recognize that the language of 18 U.S.C. § 3653 is merely suggestive, and we would not rest decision on our interpretation of the statute alone.

---

**9.** See note 7, *supra*.

Our reading of the statute, however, confirms our interpretation of Rule 35(b), which is controlling.

Policy and practical considerations buttress our holding, and we reject the policy analyses of the Third and Eighth Circuits. In *Johnson, supra*, the Third Circuit offered two principal justifications for its holding that pronouncement of sentence at a revocation hearing triggers a 120-day Rule 35(b) period. First, the court noted that a trial judge may either suspend the imposition of sentence and place the defendant on probation, or it may impose a term of imprisonment, suspend the execution of sentence, and order probation. The Supreme Court in *Korematsu v. United States*, 319 U.S. 432, 435, 63 S.Ct. 1124, 1126, 87 L.Ed. 1497 (1943), declared the difference between these alternatives to be meaningless from the point of view of the probationer. From this the *Johnson* court reasoned that since an offender whose sentence is initially withheld has 120 days to petition for reduction of sentence after his probation is revoked, see note 7, *supra*, the principle of law requiring similar treatment of persons similarly situated calls for an identical 120-day period for probationers for whom the execution of sentence has been suspended. 634 F.2d at 95–96. This conclusion is contrary to reality and extends *Korematsu* far beyond its proper application.

In *Korematsu*, the question was whether an order placing a defendant on probation with pronouncement of sentence suspended was a final order for purposes of appeal. The Supreme Court had previously held that when a court imposes sentence and then suspends its execution, the judgment is final and appealable.[10] In this context, the Court concluded that the difference to the probationer between suspension of sentencing and suspension of execution of sentence was trifling: in both cases, there has been a determination of guilt, and in both cases the offender must abide by similar orders of the court. Therefore, the order placing the defendant on probation and suspending the imposition of sentence was appealable. Nothing in *Korematsu* intimates that the distinction between suspension of imposition of sentence and the suspension of execution of sentence is meaningless in all contexts. It is surely not meaningless here. When sentence has been imposed and its execution suspended, the probationer may make a Rule 35(b) motion and the court may entertain it as if execution of sentence had not been suspended; the probationer and the court know precisely what awaits the offender if his probation is later revoked. On the other hand, when sentencing itself has been suspended, there is no basis whatever for a motion to reduce a sentence which has yet to be determined. The *Johnson* court's premise that probationers in the two situations are similarly situated is wrong and its reasoning groundless.

The *Johnson* court noted secondly that "Rule 35 is intended to give every convicted defendant a second round before the sentencing judge, and at the same time, it affords the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." 634 F.2d at 96, *quoting United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). In the view of the *Johnson* court, if a Rule 35(b) motion is not permitted after a revocation of probation, the defendant is deprived of his second bite at the apple: a defendant whose sentence has just been suspended has little incentive to petition for leniency and the court which has just granted the defendant probation is not likely to be receptive to his Rule 35(b) motion; therefore, the revocation hearing is the defendant's first real opportunity to plead for a light sentence, and if he is to have a second opportunity, it must be the Rule 35(b) motion.

Even assuming *arguendo* that it is unrealistic for a defendant who has been granted probation to expect Rule 35(b) relief from the sentencing judge, the *Johnson* court's arithmetic is flawed. Every defendant has his first chance to plead for leniency

10. *Berman v. United States*, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937).

on the occasion of original sentencing; this of course includes those whose pleas succeed in persuading the judge to grant probation. For those who receive active sentences, the second chance is the Rule 35(b) motion. For a probationer, the second chance is the revocation hearing. As the *Johnson* court acknowledged, that hearing offers a realistic opportunity to plead for a light sentence. 634 F.2d at 97. Rule 35(b) itself recognizes as much. The provision that "[t]he court may also reduce a sentence upon revocation of probation as provided by law," embraces the revocation hearing as an occasion for reduction of sentence within the contemplation of Rule 35(b), and indicates that the hearing is, in part, practically and within the intendment of the rule, a hearing on a Rule 35(b) motion. Thus, even discounting altogether the period following a suspension of sentence, every defendant has two opportunities to plead for leniency.

Furthermore, we question the premise that the period following imposition of sentence is not a realistic opportunity for a probationer to present a Rule 35(b) motion. While a probationer may be less motivated than an offender serving active time to seek a reduction of sentence, there is no question that the law permits him to do so and that the law requires the judge deciding the motion to entertain it seriously. The 120 days following pronouncement of a suspended sentence is a proper, if not optimal, opportunity to seek a reduction of sentence.

Our holding, therefore, permits every probationer his two bites at the apple and more: first, before the initial imposition of sentence; second, at the revocation hearing; and, more, at the hearing on the Rule 35(b) motion within 120 days after the pronouncement of sentence. The Third Circuit would give three bites and more.

The Eighth Circuit in *Colvin, supra,* adds little to the analysis in *Johnson.* We com-

ment only on the *Colvin* court's observation that

> To hold [that the district court lacks jurisdiction of a Rule 35(b) motion following revocation of probation] would place sentence [then] imposed beyond reconsideration at a time when the need for reconsideration is at least as great as after the original sentencing, except in cases where it was the imposition of sentence that was suspended, and not its execution.... The opportunity for a sentencing judge, at some remove in time from the immediacy of the crime, to reflect upon and reconsider sentence is just as important in cases where execution of sentence has been suspended, as it is in cases where imposition of sentence has been suspended.

644 F.2d at 707.

The need for reconsideration of sentence is, in fact, not so great after a revocation of probation as after the initial imposition of sentence. The factors normally considered in determining sentence are the nature and circumstances of the offense and the offender and the four purposes of sentencing: punishment, deterrence, incapacitation, and rehabilitation. The district court's view of these factors is likely to change little, if at all, between the end of the Rule 35(b) period following the imposition of sentence and the revocation hearing. Our holding permits the sentencing judge, in full measure, the opportunity at the revocation hearing to reconsider sentence at a remove from the immediacy of the crime.[11]

To summarize, we find that the language of Fed.R.Crim.P. 35(b), reinforced by 18 U.S.C. § 3653, compels the conclusion that a district court has no jurisdiction of a Rule 35(b) motion to reduce sentence following a revocation of probation more than 120 days after the imposition and suspension of sen-

---

11. We recognize that the decision to reinstate the original sentence may, as in this case, partly reflect adverse input about the offender which the judge acquires only at the revocation hearing. Our holding prevents the judge from reconsidering what effect such information should have. However, the same is true when the judge hears a Rule 35(b) motion within 120 days of imposing sentence: the government may present information adverse to the defendant which the judge then hears for the first time and has no occasion to reconsider.

tence.[12] Our holding appropriately differentiates probationers whose sentences have been imposed and then suspended from those whose sentencing has been suspended.[13] It also ensures that all probationers will have at least two adequate opportunities to present their pleas for mercy to a district court.

In this case, the district court premised the reinstatement of Rice's sentence on the assumption that it could entertain a subsequent motion to reduce sentence. Not only did this incorrect view affect the court's decision, but also the court's statement of this view may well have dissuaded Rice from presenting all available evidence in support of leniency and, in particular, in explanation or mitigation of the pending rape charge. We must therefore remand to enable the district court to consider whether to reinstate or reduce the sentence it originally imposed.

AFFIRMED in part, and REMANDED for further proceedings.

R. LANIER ANDERSON, III, Circuit Judge, specially concurring:

I concur in the opinion of the majority, but write separately to express reservations in one regard. I agree that a literal reading of Rule 35 strongly points, and perhaps requires, the interpretation adopted by the majority. However, it is my opinion that Rule 35, as thus interpreted, makes a distinction between the two situations described below, for which distinction I can find no strong policy reasons. The two situations to which I refer are as follows: First, if sentence is not "imposed" at trial, but rather is suspended, then of course sentence would be initially "imposed" at the time of the revocation of probation, and in such situation it is clear that a defendant would be entitled to the Rule 35 "second look" within 120 days after the revocation. Second, on the other hand, if sentence is originally "imposed" at trial, but execution of the sentence is suspended, then the Rule 35 "second look" is not available after the

hearing revoking probation. I see no policy reasons for permitting the Rule 35 "second look" in one situation and denying it in the other. Although I agree with the majority that the language of Rule 35 seems to require this difference in treatment, I agree with the Third Circuit in *United States v. Johnson*, 634 F.2d 94 (3d Cir. 1980), that policy reasons do not justify the difference. Accordingly, I would urge that Congress take action to extend the Rule 35 "second look" to the instant situation, and thus to eliminate the unjustified difference between the two situations.