**UNITED STATES of America**

**v.**

**Clifford CODY.**

**Crim. No. CR–86–178–A.**

United States District Court, N.D. Georgia, Atlanta Division.

March 26, 1987.

---

Stephanie Kearns, Federal Defender Program, Inc., Atlanta, Ga., for defendant/petitioner.

Janet F. King, Asst. U.S. Atty., Atlanta, Ga., for government/respondent.

## ORDER

O'KELLEY, District Judge.

Presently before the court in the above-styled case is the motion of the defendant Cody for a reduction of sentence imposed by this court on July 17, 1986. The motion was filed with the clerk on November 13, 1986, but was not submitted to the court for some time thereafter.

The first issue that the court will address is whether it has jurisdiction to rule on this motion since more than 120 days have lapsed since the court sentenced the defendant. The court was concerned that certain recent legislative enactments made the 120–day time limit found in Federal Rule of Criminal Procedure 35(b) a jurisdictional limit on when a court could act to reduce a sentence.

Federal Rule of Criminal Procedure 35(b), before it was amended in 1985, provided:

> The court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probational revocation. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Although courts uniformly have held that rule 35(b) required motions to reduce sentence to be filed within a 120–day period, the circuits split on whether the court was also required to rule on a motion to reduce sentence within the 120–day period. *Compare Gaertner v. United States*, 763 F.2d 787 (7th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985) *with United States v. Rice*, 671 F.2d 455 (11th Cir.1982).

In 1985, the Supreme Court of the United States, in an effort to resolve the conflict between the circuits, adopted an amendment to rule 35(b) allowing the time period for the court to consider a rule 35(b) motion to run for a reasonable period of time needed by the court to consider and act upon the motion. The Supreme Court also issued an order accompanying the 1985 amendments. That order provided that the amendments would become effective on August 1, 1985. The order further provided that "[t]he amendment to rule 35(b) shall be effective until November 1, 1986 when Section 215(b) of the Comprehensive Crime Control Act of 1984 ... goes into effect." (Supreme Court Order of April 29, 1985 reported at 105 F.R.D. 179 (1985)).

In December 1985, however, Congress delayed the effective date of section 215(b) from November 1, 1986 to November 1, 1987. Sentencing Reform Amendments Act, Pub.L. 99–217, 99 Stat. 1728 (1985). This Act did not indicate whether the amendment to rule 35(b) would be effective until section 215(b) became effective in 1987. On January 27, 1987, House Bill 742 was introduced to clarify the effect of section 215(b) on rule 35(b). H.R. Bill 742, 100th Cong., 1st Sess. (1987). That Bill provides that the 1985 amendment to rule 35(b) should continue in effect until section 215(b) becomes effective. When introducing the Bill, Congressman Conyers commented that he believed the Supreme Court intended for its 1985 amendment to rule 35(b) to be effective until section 215(b) superseded it. 133 *Cong.Rec.* E250 (daily ed. January 27, 1987) (Statement of Congressman Conyers). Because this Bill has not been enacted into law, however, it provides only evidence that Congress did not

intend to modify rule 35(b) when it delayed enactment of section 215(b).

This court is faced with the type of decision that the former Fifth Circuit Court of Appeals confronted when interpreting rule 35(b) in *United States v. Mendoza*, 565 F.2d 1285 (5th Cir.1978). This court must decide whether the amendment to rule 35(b) should be construed literally and would therefore be ineffective after November 1, 1986, or construed more broadly to govern motions to reduce sentences until section 215(b) becomes effective.

■■■ If the literal interpretation of a statute would lead to an absurd result, the court must construe the statute to avoid such a result. *Perry v. Commerce Loan Co.*, 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966); *Rector of Holy Trinity Church v. United States*, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892). Rules like statutes are to be construed to provide for the just determination of criminal or civil proceedings. *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).

■■ This court finds that the Supreme Court's clear intent in the 1985 amendment to rule 35(b) was to clarify the time limit for courts to rule upon motions filed under that section and to govern the reduction of sentences until section 215(b) superseded it. To construe the language of the amendment literally to provide that the amendment would be ineffective after November 1, 1986 would thwart the intent of the Supreme in enacting the amendment. There is no evidence that Congress intended to modify rule 35(b) in any manner when it delayed the effective date of Section 215(b). Indeed, House Bill 742 and the comments of Congressman Conyers when he introduced the Bill indicate that the contrary is true. For these reasons, the court will adhere to amended rule 35(b) until section 215(b) becomes effective.

■ Even if this court found that the amendment to rule 35(b) had lapsed, the court would be governed by rule 35(b) in its preamendment form and the cases interpreting it. The Eleventh Circuit has construed rule 35(b) to permit the district courts to decide motions for a reduction in sentence within a reasonable time after the 120–day period has lapsed. *United States v. Rice*, 671 F.2d 455, 459 n. 5 (11th Cir. 1982) (citing *United States v. Mendoza*, 581 F.2d 88 (5th Cir.1978) (en banc)). Thus, this court would retain jurisdiction under either interpretation.

■ The court will now address the merits of defendant Cody's motion. Cody pled guilty to taking mail matter being returned to the sender in violation of 18 U.S.C. § 1708. On July 17, 1986, this court sentenced him to three years imprisonment and ordered that he make restitution to RCA Music Services in the sum of $1008.76. At the time Cody committed the crime for which he was sentenced by this court, he was on parole for a state conviction. His parole was subsequently revoked by the State after he was sentenced by this court, and he must serve the balance of his parole, fifteen months, after he is released from his federal sentence. Cody argues that it was this court's intention for him to serve only a three year sentence and that, in view of the State's revocation of his parole, his federal sentence should be reduced by fifteen months.

The court finds no merit to Cody's argument. Violation of parole is a separate matter which the State may punish by compelling Cody to serve the remainder of his time on parole in prison. This court's imposition of sentence for violation of 18 U.S.C. § 1708 is entirely separate from the sentence for violation of parole. Accordingly, Cody's motion for reduction of sentence is denied.