[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10537
Non-Argument Calendar
_____

D. C. Docket No. 07-00518-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELICIA Y. SHERROD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 24, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Felicia Sherrod appeals the revocation of her probation.  18 U.S.C.

§ 3565(a). Sherrod argues that there was insufficient evidence to establish that she constructively possessed a firearm. We affirm.

We review a revocation of probation for abuse of discretion. United States v. Penn, 721 F.2d 762, 766 (11th Cir. 1983). The evidence presented must establish by a preponderance of the evidence, 18 U.S.C. § 3583(e), "'that the conduct of the probationer has not been as good as required by the conditions of probation . . . .'" Penn, 721 F.3d at 766 (quoting United States v. Rice, 671 F.2d 455, 458 (11th Cir. 1982)). We accord great deference to a credibility determination made by the district court. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994).

The district court did not abuse its discretion by revoking Sherrod's probation. Sherrod told law enforcement that she lived in the bedroom where the gun was discovered and had lost the key to the safe that contained the gun. Although Sherrod's mother professed ownership of the gun, her story about the sale conflicted with state handgun laws, and her description of the weapon, the safe, and its contents was inconsistent with the testimonies of the officers who searched Sherrod's residence.

**AFFIRMED.**