[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 19, 2009
THOMAS K. KAHN
CLERK

No. 09-11275
Non-Argument Calendar

_____

D. C. Docket No. 08-00223-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL SHANE HOOKS,
a.k.a. Superfreak2096,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 19, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Mitchell Shane Hooks appeals his convictions for one count of

traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and one count of using facilities of interstate commerce, to wit: a computer connected to the internet and a cellular phone service, to knowingly attempt to persuade, induce, entice, or coerce an individual to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). Hooks became involved in an undercover law enforcement operation where an officer used the persona of a 13-year-old girl in an online chatroom. Hooks, using the name "superfreak2096," chatted with "Kaitlyn" (a.k.a. Duncan Herrington, Project Safe Childhood task force) and set up a meeting for sex.

On appeal, Hooks argues that, based his testimony regarding the age Kaitlyn looked in a photograph the undercover officer sent to him, as well as his own testimony regarding his intention not to have sex with anyone underage, it was unreasonable for the jury to find him guilty of the offenses.

We review *de novo* a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds where, as here, the issue is preserved below. *United States v. Yates*, 438 F.3d 1307, 1311-12 (11th Cir. 2006) (*en banc*). The evidence is viewed in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005). We must affirm the

2

convictions unless the jury could not have found, under any reasonable construction of the evidence, the defendant guilty beyond a reasonable doubt. *Id.* Furthermore, when a defendant chooses to testify, it is the jury's prerogative to either believe or disbelieve his testimony. *United States v. Sharif*, 893 F.2d 1212, 1214 (11th Cir. 1990).

A conviction under 18 U.S.C. § 2423(b) requires proof beyond a reasonable doubt that the defendant (1) traveled to another state; (2) for the purpose of engaging in any illicit sexual conduct; (3) with just a person under 18 years old. *See* 18 U.S.C. § 2423(b) and (f). A conviction under 18 U.S.C. § 2422(b) requires proof that the defendant "using the internet [or a cellular telephone], acted with a specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex." *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004); 18 U.S.C. § 2422(b).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not err in denying Hooks's motion for judgment of acquittal because the evidence presented at trial was sufficient to support his convictions.

The evidence showed that Hooks traveled from Mississippi to Alabama to meet Kaitlyn; that the recorded chats indicate that Hooks thought Kaitlyn was 13 years old; and that Hooks asked Kaitlyn to have sex with him. Furthermore, there is no dispute that Hooks used a computer and cell phone to engage in unlawful sex.

3

Accordingly, we affirm Hooks's convictions because under a reasonable construction of the evidence a jury could have found him guilty beyond a reasonable doubt.

**AFFIRMED.**