UNITED STATES of America, Plaintiff-Appellee,

v.

Ludwell E. O'QUINN, Defendant-Appellant.

No. 82–5145
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 25, 1982.

Joseph A. Varon, Varon & Stahl, Hollywood, Fla., for defendant-appellant.

Edward B. Galante, Jon May, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

On November 17, 1977, appellant Ludwell E. O'Quinn pleaded guilty to a charge stating that he had transferred and delivered counterfeit obligations with the intent to pass and publish them in violation of 18 U.S.C.A. §§ 472 & 473. He was given a suspended sentence of two years in prison and was placed on probation for three years.

On November 1, 1980, the district court, acting on a petition from a probation officer charging O'Quinn with a violation of the terms of his probation, ordered a warrant to be issued against O'Quinn but to be held in abeyance pending O'Quinn's appearance at a probation revocation hearing. The probation officer charged that O'Quinn had been arrested by police on August 25, 1980, and had been charged with conspiracy to deliver more than 100 pounds of marijuana. The probation officer later filed a second petition repeating, with a corrected date of August 23, 1978, the charge in the initial petition and adding two other charges alleging that O'Quinn had continued to associate himself with persons involved in criminal activity. The court, on July 3, 1981, again ordered O'Quinn to appear at a probation revocation hearing. After the hearing the court revoked O'Quinn's probation and ordered him to serve the remainder of the two year sentence that the court originally had imposed.

O'Quinn raises several questions on appeal. He begins by charging that the second petition supplanted and signified the abandonment of the first petition. Since the second petition was filed after his period of probation had ended, he concludes that the court had no jurisdiction to revoke his probation.

■ We reject O'Quinn's argument. Federal law explicitly provides that "[a]t any time within the probation period, *or within the maximum probation period permitted by section 3651 of this title [5 years],* the [district] court ... may issue a warrant for [probationer's] arrest for violation of probation occurring during the probationary period.... [T]he court may revoke the probation and require [the probationer] to serve the sentence imposed". 18 U.S.C.A. § 3653 (emphasis added). Other circuits have followed the statute's clear language and have held that a court can issue a warrant and revoke an individual's probation at any time during the maximum five year probationary period permitted by 18 U.S.C.A. § 3651 so long as the acts causing the revocation occur within a probationer's period of probation. *United States v. Basso,* 632 F.2d 1007, 1012 n.5 (2d Cir. 1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1480, 67 L.Ed.2d 613 (1981); *United States v. Swanson,* 454 F.2d 1263 (7th Cir. 1972). We hold likewise. The second petition, even assum-

ing it signified the abandonment of the first petition, was filed within five years of the beginning of O'Quinn's probation. The district court therefore had jurisdiction to revoke that probation.

O'Quinn next charges that the evidence did not provide grounds sufficient to justify the revocation of his probation. "In a probation revocation proceeding, all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required." *United States v. Rice,* 671 F.2d 455, 458 (11th Cir. 1982). We will reverse a revocation of probation only for an abuse of discretion by the district court. *E.g., Rice, supra; United States v. Feinberg,* 631 F.2d 388, 391 (5th Cir. 1980). There was no abuse of discretion in this instance.

The terms of O'Quinn's probation required that he refrain from criminal activity and not associate with individuals engaged in criminal acts. The evidence introduced at the revocation hearing showed that he was arrested for conspiring to deliver marijuana, that he associated with individuals involved in marijuana trafficking, and that he was involved in that trafficking. The district court correctly ruled that the evidence provided a basis for revoking O'Quinn's probation.

The judgment of the district court is AFFIRMED.