[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2005
THOMAS K. KAHN
CLERK

No. 04-15530
Non-Argument Calendar
_____

D. C. Docket No. 04-00007-CR-WCO-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRADFORD WILLIAM DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 14, 2005)**

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

Bradford William Davis appeals his sentence imposed after revocation of

probation for willful failure to pay court-ordered restitution for past due child

support.  We affirm the district court.

A district court may revoke a defendant's term of probation and return the defendant to prison when the defendant violates a condition of that probation.  18 U.S.C. § 3565(a)(2).  "'In a probation revocation proceeding, all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required.'"  *United States v. O'Quinn*, 689 F.2d 1359, 1361 (11th Cir. 1982) (citation omitted).  We review a district court's revocation of probation for abuse of discretion.  *Id.*

Where the alleged violation is the failure to pay restitution or a fine, the court must find the probationer's failure to pay was willful, *i.e.*, the probationer had the means or ability to pay a fine or restitution as ordered and purposefully did not do so.  *Bearden v. Georgia*, 103 S. Ct. 2064, 2070 (1983).  The government may establish willful failure to pay by producing evidence the defendant had funds available to pay restitution and did not do so.  *United States v. Boswell*, 605 F.2d 171, 175 (5th Cir. 1979).[1]  Willfulness requires the government to prove the law imposed a duty on the defendant, the defendant knew of this duty, and he

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

voluntarily and intentionally violated that duty. *United States v. Williams*, 121 F.3d 615, 621 (11th Cir. 1997). "[P]robationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime," and in such a situation, "the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense." *Bearden*, 103 S. Ct. at 2070.

Even though the record on this appeal does not contain the medical records that Davis presented to his probation officer and to the district court regarding his health condition, it contains sufficient evidence to conclude Davis's failure to pay the restitution was willful.[2]  First, the record reveals Davis had $1,000.00 in his Prudential Securities account at the time he was sentenced to five years of probation.  The district court intended this money be paid on or before June 1, 2004, as the first payment towards restitution.  However, Davis failed to make *any* payments from that or any other account. Second, even though Davis had an ability to earn significant income (his earning were $50,000 during 2001-2002), he made

---

[2] It is not possible to analyze Davis's claim that he could not work because he was sick, as his medical records are not in the record on appeal.  *See* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). However, it is not necessary to do so because there was other evidence in the record supporting the district court's ruling.

no effort to find a job when he was on probation during a five-month period. Third, while Davis was on probation, he told his probation officer he was unable to borrow money from anyone to pay towards the restitution. However, when Davis was facing revocation of his probation, he represented to the court that he could borrow money which he could pay towards restitution within two weeks. Thus, the district court's finding that Davis's failure to pay restitution was willful is not erroneous.

Given the circumstances of this case, namely, Davis's neglect to pay child support which had grown to $42,760.00 over 15 years and his failure to pay any money towards court-ordered restitution despite his apparent ability to work or borrow, the district court did not abuse its discretion by revoking Davis's probation.

AFFIRMED.