[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 1, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-10267
Non-Argument Calendar

_____

D. C. Docket No. 02-00047-CR-03-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JAMES BARE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 1, 2005)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

William James Bare appeals the revocation of his probation and the sentence

imposed, pursuant to 18 U.S.C. § 3565(a)(2). On appeal, Bare argues that the district court erred when it revoked his probation because: (1) the revocation violated Bare's due process rights, as the court was not aware of a letter from his counselor to the probation officer regarding his mental health; (2) Bare did not wilfully fail to pay court-ordered restitution, as he lacked the resources to make the required payments; and (3) the court failed to consider the factors in 18 U.S.C. § 3553(a).

Bare raised none of his appellate arguments in the district court. Accordingly, our review is for plain error only. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we affirm.

First, Bare argues that his due process rights were violated because the district court sentenced him without knowledge of a letter regarding his mental health. The letter was sent to his probation officer from "Counseling Dynamics,"

2

who had examined Bare during his probation period. The letter indicated that Bare was "very likely suffering from major depression" and recommended placing Bare on "appropriate medication" and that Bare undergo a psychiatric evaluation. Bare filed the letter, as part of a Motion to Supplement the Record, Fed. R. App. P. 10(e), in the district court after his probation was revoked and he had filed his Notice of Appeal in this Court. The district court granted Bare's motion.

He now argues the district court's revocation of probation, without consideration of the letter, violated his due process rights. More specifically, Bare contends that his probation officer had a duty under 18 U.S.C. § 3603(2) to inform the court as to his conduct and condition while he was on probation and that this duty included informing the court of Bare's mental health issues. According to Bare, his probation officer's failure to bring to letter to the district court's attention violated due process. Notably, Bare does not indicate how the letter would affect his sentence or how his mental health had any bearing on the multiple reasons the district court gave for revoking his probation.[1]

The Supreme Court, in Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct.

---

[1] At Bare's probation revocation hearing, the district court stated: "[i]t's not just the failure of paying restitution that concerns the court; it's the absolute failure of [Bare] to comply with the conditions of his probation for the last six months or so, including the failure to make any effort about restitution." The court further noted that, it "has imposed the sentence that it has in this case because it's appropriate under the facts and under the circumstances of this case."

1756, 1760, 36 L. Ed. 2d 656 (1973), held that the revocation of probation implicates certain minimal due process protections under the Fourteenth Amendment. Id.; see also Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (holding that minimal due process protections are required during revocation of parole proceedings). The required protections are:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . . .; (e) a neutral and detached hearing body such as a traditional parole board . . .; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

Gagnon, 411 U.S. at 786, 93 S. Ct. at 1761-62 (quotation omitted). In addition to minimal due process protections accorded to probationers at probation revocation hearings, their probation officer has a duty to keep the sentencing court informed "as to the conduct and condition of [the] probationer . . ." under 18 U.S.C. § 3603(2).

In this case, there is no evidence in the record indicating that Bare did not receive the minimal due process violations enumerated in Gagnon. Bare admitted receiving notice of the probation officer's claimed violations of probation. Moreover, he received oral disclosure of the violations at the revocation hearing and had the opportunity to speak on his own behalf regarding the alleged

4

violations. He was also given the opportunity to produce witnesses at the hearing, including the counselor that wrote the letter at issue here. Even if Bare was unaware of the counselor's letter at the time of the revocation hearing, he was given ample opportunity to make the court aware of his mental condition through his own testimony or that of his counselor.

Moreover, despite Bare's argument that his probation officer had a duty to disclose the letter to the court, Bare's due process rights were not violated. Even assuming that Bare's rights were violated by his probation officer's failure to forward the letter to the court, Bare cannot establish an effect on his substantial rights, as required under the third prong of plain error review: (1) the letter does not indicate that Bare's failure to comply with the terms of his probation was due to mental health disease or defect; (2) the fact that the letter was written four months prior to Bare's violations of the terms of his probation undercuts his argument that notice of the letter would have affected the court's decision to revoke his probation; and (3) Bare does not indicate to us what arguments he would have made to the sentencing court based on the letter. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded"). Accordingly, we find no plain error on this basis.

We likewise are not persuaded by Bare's argument that the district court

5

plainly erred by revoking his probation because his failure to pay was not wilful, but rather, was based on a lack of resources. A district court may revoke a defendant's term of probation and return the defendant to prison when the defendant violates a condition of that probation. 18 U.S.C. § 3565(a)(2). "In a probation revocation proceeding, all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that would establish guilt beyond a reasonable doubt is not required." United States v. O'Quinn, 689 F.2d 1359, 1361 (11th Cir. 1982).

In revocation proceedings for failure to pay restitution, "[i]f the probationer has willfully refused to pay . . . restitution when he has the means to pay, the [government] is perfectly justified in using imprisonment as a sanction to enforce collection." Bearden v. Georgia, 461 U.S. 660, 668, 103 S. Ct. 2064, 2070, 76 L. Ed. 2d 221 (1983). In United States v. Satterfield, 743 F.2d 827, 842 (11th Cir. 1984), we held that, under Bearden, a district court must consider two threshold criteria in revocation hearings: (1) whether the defendant has made sufficient efforts to pay, and (2) if so, and the defendant still cannot comply with the terms of his probation, whether imprisonment or an alternative is an appropriate punishment. Id. Here, Bare admitted not making his restitution payments, and

6

presented <u>no</u> evidence of any efforts to pay restitution or of his financial inability to do so. He also failed to object to the district court's findings, including that he had wilfully failed to make his restitution payments. Thus, the district court did not plainly err.

Finally, Bare argues that the district court failed to consider the factors from 18 U.S.C. § 3553(a) when it imposed his sentence. Upon a defendant's violation of the term of probation, the district court may, "after considering the factors set forth in § 3553(a) to the extent that they are applicable," revoke the defendant's probation and impose a new sentence. <u>See</u> 18 U.S.C. § 3565(a). Under § 3553(a), the district court, when imposing a sentence, is required to take into consideration certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, and the sentencing ranges available as established by the Sentencing Guidelines. <u>See</u> 18 U.S.C. § 3553(a). While § 3553(a) requires "a sentencing court . . . [to] tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)," we have recognized that a district court does not have to "incant the specific language used in the guidelines." <u>United States v. Eggersdorf</u>, 126 F.3d 1318, 1322 (11th Cir. 1997). Based on our review of the transcript of the probation revocation hearing,

7

we are satisfied that the district court's comments on the record, and its imposition of a sentence within the recommended United States Sentencing Guidelines range, sufficiently indicate the court's consideration of the factors set forth in § 3553(a). Therefore, Bare is unable to show how the district court's alleged failure to announce more specifically its consideration of the § 3553(a) factors affected his substantial rights, as required under plain error review.

**AFFIRMED.**