[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2006
THOMAS K. KAHN
CLERK

No. 05-13474
Non-Argument Calendar

_____

D. C. Docket No. 97-00206-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY MCMILLAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 16, 2006)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

John Wesley McMillan appeals the district court's decision revoking his

supervised release sentence and imposing a 24-month term of incarceration. McMillan argues on appeal that the district court plainly erred (1) in making a credibility determination and finding by a preponderance of the evidence that he violated a condition of his supervised release when he was arrested for stealing a purse at a club and (2) in sentencing McMillan to the statutory maximum sentence. Each issue is discussed in turn.

Generally, a district court's decision regarding revocation of supervised release is reviewed for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). However, because McMillan failed to object below on the grounds asserted on appeal, we review the revocation and sentence for plain error. See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Under the plain error standard, McMillian "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id. The test for showing that the error affected McMillian's substantial rights and thus "the outcome of the district court proceedings" is the formulation of a reasonable probability of a different result, which means a probability "sufficient to undermine confidence in the outcome." United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir.), cert denied, 125 S.Ct. 2935, 162 L.Ed.2d 866 (June 20, 2005).

**Issue 1:**     **Credibility Determination**

McMillan argues that the evidence presented at the probation revocation hearing was insufficient for the district court to determine by a preponderance of the evidence that McMillan violated the terms of his supervised release. McMillan explains that three distinct versions of what occurred were presented: that of Miacah Cooper, who was the boyfriend of the woman whose purse was stolen, that of Officer Zearing, who apprehended McMillan, and that of McMillan. Because all three contradicted one another, he argues that Cooper's and Officer Zearing's testimonies were unreliable.

The revocation of supervised release is authorized when a defendant violates any term of his supervised release. 18 U.S.C. § 3583(e)(3). "The credibility of a witness is in the province of the factfinder and [we] will not ordinarily review the factfinder's determination of credibility." United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). The district court's credibility determinations are entitled to deference and its factual findings will be accepted, unless clearly erroneous. United States v. Holland, 874 F.2d 1470, 1473 (11th Cir. 1989). Contrary to McMillan's assertions, "[i]n a probation revocation proceeding, all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation; evidence that

3

would establish guilt beyond a reasonable doubt is not required." United States v. O'Quinn, 689 F.2d 1359, 1361 (11th Cir. 1982). When confronted with a violation of supervised release, the court may, after considering the factors enumerated in 18 U.S.C. §§ 3553(a), among other things, "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . ." 18 U.S.C. § 3583(e)(3).

The district court did not plainly err when it determined that McMillan violated the terms of his supervised release. The evidence presented at the revocation hearing established that (1) two witnesses testified to seeing the stolen purse drop from under McMillan's shirt; (2) the same two witnesses also testified to the identity of McMillan based on his blue shirt with red stripes; (3) McMillan admitted to lying to his probation officer about his being at the club the night of his arrest; and (4) McMillan has a criminal history of stealing.

**Issue Two:  Statutory Maximum Sentence**

McMillan argues that the district court erred in sentencing him to 24 months imprisonment because in making its decision, the district court considered the incorrect guidelines range. McMillan argues that according to Georgia law, his state charge of theft by taking should have been treated as a misdemeanor rather

4

than a felony. However, for guidelines purposes, the district court treated the offense as a Grade B violation, rather than a Grade C violation. McMillan argues further that, if the district court had treated his offense as a Grade C violation, with his criminal history of V, he should have received a guidelines sentence of 7 to 13 months, rather than the 18 to 24 months recommended by the guidelines for a Grade B violation.

Chapter 7 policy statements of the Sentencing Guidelines are merely advisory and thus, non-binding; however, courts must at least consider them in determining a defendant's sentence upon revocation. United States v. Cook, 291 F.3d 1297, 1301-02 (11th Cir.2002); see also 18 U.S.C. § 3553(a)(4)(B) (stating that in determining the particular sentence to be impose, the court shall consider, in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission). Chapter 7 provides three grades of probation and supervised release violations, the two most relevant to McMillan's case being:

> (2) Grade B Violations--conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

> (3) Grade C Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

5

U.S.S.G. §7B1.1. Another policy statement in Chapter 7, U.S.S.G. §7B1.4, provides recommended ranges of imprisonment applicable upon revocation. See U.S.S.G. §7B1.4. When a Class B violation is coupled with a criminal history category of V, the guidelines recommend a 18 to 24 month sentence and when a Class C violation is coupled with a criminal history category of V, the guidelines recommend a 7 to 13 month sentence. See U.S.S.G. §7B1.4(a).

The statute dictates that when revoking a sentence, the district court may not require a defendant to serve a sentence of more than 3 years if such offense is a Class B felony or more than 2 years if such offense is a Class C felony. 18 U.S.C. § 3583(e). Moreover, in determining the particular sentence to be imposed, one of the factors the court may consider is the need to provide restitution to victims of the offense. But, we have held that nothing "requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); see also 18 U.S.C. § 3553(a)(7).

The Georgia crime of "theft by taking" is codified at O.C.G.A. § 16-8-2. See O.C.G.A. § 16-8-2. According to O.C.G.A. § 16-8-12, a person convicted of a violation of O.C.G.A. § 16-8-2 shall be punished for a misdemeanor except when: (1) the value of the property subject to the theft exceeded $500 in value; (2)

the property subject to the theft was any amount of anhydrous ammonia; (3) the property was taken by a fiduciary in breach of a fiduciary obligation or by an officer or employee of a government or a financial institution in breach of his or her duties as such officer or employee; (4) the property subject to the theft was a memorial or any ornamentation to the dead; (5) the property subject to the theft was a motor vehicle or was a motor vehicle part exceeding $100 in value; or (6) the property subject to the theft was a vehicle engaged in commercial transportation of cargo. See O.C.G.A. § 16-8-12(a).

The district court did not plainly err in sentencing McMillan to the statutory maximum of 24 months. Even if McMillan meets the first two prongs of the plain error test because (1) his offense constitutes a misdemeanor, not a felony, under Georgia law, and (2) the district court's finding that McMillan committed a felony probably led the court to consider the wrong, higher advisory range, McMillan fails to meet the third prong of plain error review, because he fails to show that the outcome of the proceedings would have been different but for the error. He has presented no evidence that the district court considered sentencing him to a smaller amount of time but felt bound by the guidelines range. Furthermore, the 24-month sentence did not exceed the statutory maximum; rather, it was the maximum allowable sentence under the statute governing revocation of supervised release.

7

Upon review of the record and consideration of the parties' briefs we discern no reversible error. Thus, we affirm the revocation of McMillan's supervised release and the imposition of 24-months of incarceration.

**AFFIRMED.**